36 F.3d 1091
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Regis T. BLAHUT, Plaintiff-Appellant,
v.
W.W. GRAINGER, INC., Defendant-Appellee.
 No. 93-2422.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 8, 1994.
Decided: September 8, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, Senior District Judge. (CA-92-3346-HAR)
 Joel P. Bennett, Washington, D.C., for Appellant.
 Martin Wald, Axel J. Johnson, Schnader, Harrison, Segal & Lewis, Philadelphia, Pennsylvania; Henry F. Galatz, W.W. Grainger, Inc., Skokie, Illinois, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Regis T. Blahut appeals from the district court's order granting Defendant's summary judgment motion and dismissing his action brought pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C.A. Secs. 621 to 634 (West 1985 & Supp.1994). Blahut alleged discrimination when he was terminated without justification from employment as a sales representative with W. W. Grainger, Inc; he was fifty-three years of age at the time of the termination.
 
 
 2
 Our review of the record and the materials filed in this Court discloses that this appeal is without merit. Blahut failed to establish a prima facie case of age discrimination.* See EEOC v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir.1992); see also EEOC v. Western Elec. Co., 713 F.2d 1011, 1014 (4th Cir.1983); Lovelace v. SherwinWilliams Co., 681 F.2d 230, 238-39 (4th Cir.1982). Specifically, all of the evidence before the district court, with the exception of Blahut's conclusory allegations, established that Blahut was unable or unwilling to comply with new marketing procedures implemented by Grainger, and his performance did not meet the expectations of his supervisor. Moreover, he failed to rebut the legitimate, nondiscriminatory reasons Defendant proffered to support its decision to terminate him, specifically, his poor performance. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-56 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir.1991). Accordingly, we affirm the district court's order.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 While the district court based its determination that Blahut failed to prove his prima facie case because he did not demonstrate termination in the face of satisfactory job performance, we find that Blahut also failed to demonstrate on this record that he was replaced by someone of comparable qualifications outside the protected class, the final element in prima facie framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)